# In the United States Court of Federal Claims

| | |
|---|---|
| SEBASTIAN WILLIAMS,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>    *Defendant*. | No. 24-290<br>(Filed: July 23, 2024) |

*Kenechukwu C. Okoli*, Law Offices of K.C. Okoli, P.C., New York, NY, for Plaintiff.

*Matney E. Rolfe*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

  Plaintiff Sebastian Williams filed a Complaint in this Court on February 23, 2024. Compl., ECF No. 1. Mr. Williams asserts he was unjustly convicted and imprisoned under 28 U.S.C. §§ 1495 and 2513, and that his subsequent two-year supervised release violated his Fourth and Eighth Amendment rights. *Id.* at 4–6. Plaintiff asks for compensatory and punitive damages. *Id.* at 6.

  Before the Court is Defendant's Motion to Dismiss for lack of jurisdiction under Rule 12(b)(1), or for failure to state a claim under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Mot. to Dismiss, ECF No. 7. The Government asserts that Mr. Williams cannot establish jurisdiction under Rule 12(b)(1) because he does not meet the requirements for relief from a wrongful conviction under 18 U.S.C. §§ 1495 and 2513. *Id.* at 4. The Government also argues that Mr. Williams fails to state a claim because he has not produced a certificate of innocence, warranting a 12(b)(6) dismissal. *Id.* at 9.

  For the reasons below, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED without prejudice** for lack of jurisdiction.

**I. Background**

  In 2002, Mr. Williams was charged and convicted of three federal felonies. Compl. at 2. He was found guilty on two counts of conspiracy to commit armed robbery interfering with interstate commerce under the Hobbs Act, 18 U.S.C. § 1951, and one count of carrying a firearm

in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(l)(A)(ii).  *Id.*  Mr. Williams was sentenced to 140 months incarceration for the two conspiracy charges, running concurrently, and 84 months for the firearm charge, served consecutively.  *Id.* at 3, 9–10.  In total, Plaintiff's term was 224 months.  *Id.*  Mr. Williams ultimately served 186 months, which was 46 months longer than the sentence for the two conspiracy charges.  Mot. to Dismiss at 2.  Mr. Williams left custody around September 19, 2018, but remained on supervised release until June 28, 2021.  Compl. at 5.  Plaintiff claims that this supervised period "circumscribed [his] lifestyle, as an adult, and what he could or could not do during his supervised release."  *Id.*

Mr. Williams also asserts that he experienced personal loss and hardship resulting from his incarceration.  *Id.* at 3–4.  He describes losing both of his grandmothers during his imprisonment and missing their wakes and funerals.  *Id.* at 3.  Mr. Williams also states that his marriage ended, and he missed participating in his daughter's upbringing as consequences of his longer sentence.  *Id.* at 4.  In addition, Mr. Williams claims he was put into solitary confinement for "two straight years without any good reason."  *Id.*  Following his release, Mr. Williams states that he has been "inexplicably very moody" and unable to "maintain any stable relationship with the opposite sex."  *Id.*

On February 4, 2021, the U.S. District Court for the District of New Jersey vacated one of his felony convictions for carrying a firearm in connection with a crime of violence under 18 U.S.C. § 924.  *Id.* at 15.  In the order, the court noted that the Government "concede[d] [Plaintiff's] conviction for conspiracy to commit [a] Hobbs Act robbery [did] not qualify as a crime of violence under [18 U.S.C. § 924(c)(3)(A)] . . . and cannot qualify under the now-invalidated [18 U.S.C. § 924(c)(3)(B)]."  *Id.*  The district court also issued an Amended Judgment on March 9, 2021, which stated "that the defendant [Sebastian Williams] is guilty" of only the two conspiracy counts under 18 U.S.C. § 1951.  *Id.* at 18.

Plaintiff filed this Complaint on February 23, 2024, alleging that he was wrongfully convicted and imprisoned for a crime he did not commit in violation of 18 U.S.C. §§ 1495 and 2513, and that the nature of his supervised release violated his constitutional rights.  *Id.* at 4–6.  He requests compensatory damages, a declaration that his conviction and sentence under 18 U.S.C. § 924 is null and void, punitive damages, attorney's fees, and other relief as determined by the Court.  *Id.* at 6.  On April 23, 2024, the Government moved to dismiss under RCFC 12(b)(1) for lack of subject matter jurisdiction, and RCFC 12(b)(6) for failure to state a claim.  Mot. to Dismiss at 3–4.  Plaintiff responded on June 11, 2024, and the Government replied on June 25, 2024.  Pl.'s Resp., ECF No. 10; Def.'s Reply, ECF No. 13.

## II. Legal Standards

### A. Subject Matter Jurisdiction

The Government alleges that this case should be dismissed for lack of subject matter jurisdiction and for Plaintiff's failure to state an adequate legal claim.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  RCFC 12(h)(3).  The Tucker Act gives the Court of Federal Claims jurisdiction over claims for money damages against the United States government.  *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007) ("The Tucker Act . . . confers jurisdiction upon the Court of Federal Claims

2

whenever a substantive right to money damages exists."). Still, a plaintiff "'must identify a separate source of substantive law that creates the right to money damages.'" *Id.* at 1351–52 (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[T]he plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States.").

The Court of Federal Claims has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned" under § 1495. 28 U.S.C. § 1495. That said, to succeed under this statute, plaintiffs must meet 28 U.S.C. § 2513's requirements. *Castro v. United States*, 364 Fed. App'x. 619, 620 (Fed. Cir. 2010); *Miller v. United States*, No. 23-1872, 2023 U.S. App. LEXIS 33720, at *2–3 (Fed. Cir. Dec. 20, 2023); *Humphrey v. United States*, 60 Fed. App'x. 292, 295 (Fed. Cir. 2003). In addition, this Court lacks jurisdiction over claims arising from Fourth and Eighth Amendment violations because these provisions are not money-mandating. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (noting that the Eighth Amendment is not a "money-mandating provision" and thus the Court does not have jurisdiction for claims arising from it); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("[T]he Fourth Amendment does not mandate the payment of money for its violation.").

Mr. Williams bears the burden of establishing the Court's jurisdiction over his claim by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When determining jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Thus, for his unjust conviction claim to survive dismissal, Mr. Williams must show, by a preponderance of the evidence, that the Complaint satisfies § 2513's requirements. *See Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) (finding that § 2513 imposes jurisdictional prerequisites for unjust conviction claims); *Moore v. United States*, 230 Ct. Cl. 819, 820 (1982) (same).

### B. Failure to State a Claim

The Government moves to dismiss the Complaint for failure "to state a claim upon which relief can be granted." RCFC 12(b)(6). To avoid dismissal, Mr. Williams must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The Court weighs "whether the complaint adequately states a claim and whether plaintiffs can allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief." *Hutchens v. United States,* 89 Fed. Cl. 553, 562 (2009) (internal quotations omitted). In deciding a 12(b)(6) motion, the Court "accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the claimant's favor." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When "the facts asserted by the claimant do not entitle him to a legal remedy," this Court must grant the motion to dismiss. *Id.*

### III. Discussion

Mr. Williams seeks damages stemming from the vacated firearms conviction but has not provided or alleged the existence of a certificate of innocence. Compl. at 3–5. As explained below, a valid certificate of innocence is not merely a pro forma obligation, but an essential element of an unjust conviction claim—without which Mr. Williams cannot establish jurisdiction under Rule 12(b)(1) or state a claim under Rule 12(b)(6).

Similarly, to the extent that Plaintiff alleges Fourth and Eighth Amendment violations, the Court also lacks jurisdiction. Therefore, these constitutional claims are also dismissed under Rule 12(b)(1).

#### A. Mr. Williams Does Not Satisfy 28 U.S.C. § 2513's Jurisdictional Requirements.

In reviewing unjust conviction claims, courts apply 28 U.S.C. § 2513's three jurisdictional requirements. *Brown v. United States*, No. 22-418C, 2022 U.S. Claims LEXIS 1527, at *6–7 (Fed. Cl. July 19, 2022); *Cartman v. United States*, No. 23-809, 2023 U.S. Claims LEXIS 3161, at *7 (Fed. Cl. Dec. 15, 2023). First, the plaintiff must "allege and prove" that "[their] conviction has been reversed or set aside on the ground that [they are] not guilty," they were found not guilty on a new trial or rehearing, or they were pardoned on grounds of innocence and unjust conviction. 28 U.S.C. § 2513(a)(1). Second, a plaintiff must show that they "did not commit any of the acts charged or [their] acts, deeds, or omissions in connection with such charge constituted no offense," and that they "did not by misconduct or neglect cause or bring about [their] own prosecution." § 2513(a)(2). Lastly, a plaintiff must provide "proof of the requisite facts . . . by a certificate of the court or pardon wherein such facts are alleged to appear[.]" *Id.* § 2513(b). Here, Plaintiff does not meet these jurisdictional requirements. *See Brown*, 2022 U.S. Claims LEXIS 1527, at *6–7; *Cartman*, 2023 U.S. Claims LEXIS 3161, at *7.

##### 1. 28 U.S.C. § 2513(a)

The Complaint does not demonstrate Mr. Williams' innocence as required by § 2513. First, Plaintiff's district court order does not state that his conviction was set aside because he was found not guilty or that he was pardoned on innocence grounds. *See* 28 U.S.C. § 2513(a)(1). Rather, the district court found only that the Government "concedes" that the conviction "does not qualify as a crime of violence under the elements" of the relevant statute. Compl. at 15.

Second, while the order states that Plaintiff's "acts, deeds, or omissions in connection with such charge constitute[] no offense," missing is any suggestion that Plaintiff did not actually commit the underlying acts for which he was charged, or that he "did not by misconduct or neglect cause or bring about his own prosecution." § 2513(a)(2); Compl. at 15. To meet these requirements, the court order must affirmatively state that Mr. Williams fulfilled § 2513(a)'s requirements, such as by asserting that he was "not guilty of the offense[] of which he was convicted" or that he "did not by his misconduct or negligence cause or bring about his own prosecution." *See Roberson v. United States*, 124 F. Supp. 857, 859 (Ct. Cl. 1954) (describing a

4

judge's closing statements supporting plaintiff's certificate of innocence).  Thus, Plaintiff does not satisfy § 2513(a).

Vacation of a conviction after a concession or finding that the underlying conduct no longer qualifies as a crime—as occurred here—does not alone establish innocence or lack of culpability under §§ 1495 and 2513, as this Court found in *Jackson v. United States*, 162 Fed. Cl. 282 (2022).  In *Jackson*, a plaintiff convicted of bribery successfully petitioned to have his final judgment corrected after the Supreme Court altered the elements of the crime for which he was convicted.  *Id.* at 288.  The district court granted plaintiff's petition, but added, "to hold that defendant is not guilty of violating the bribery statute in these circumstances is not to express approval of his conduct, which appears to be corrupt[.]"  *Id.* at 289 (citing *United States v. Jackson*, 371 F. Supp. 3d 257, 273 (E.D. Va. 2019)).  Mr. Jackson then brought an unjust conviction claim in this Court.  *Id.* at 286, 289.  The Court in that case concluded that the order failed to establish his innocence because the district court did not "state or suggest Plaintiff did not commit any of the acts charged" or "state or suggest Plaintiff did not by misconduct or neglect cause or bring about his own prosecution."  *Id.* at 301.

As in *Jackson*, neither Mr. Williams' Complaint nor the district court order vacating one of his felony convictions includes information required for an innocence claim.  The fact that his conviction was vacated due to legal concessions or changes in the law, without more, does not establish his innocence under § 2513.  *See* 162 Fed. Cl. at 300–02.  *C.f. United States v. Meachum*, No. 97-CR-169, 2024 U.S. Dist. LEXIS 90065, at *7–8 (N.D. Ill. 2024) (declining to issue certificate of innocence under § 2513 even though "[v]acatur of [plaintiff's Hobbs Act] convictions . . . was the result of a change in the law, which established that the crimes Meachum committed were not 'crimes of violence' within the meaning of section 924(c)" because "[the vacatur] did not establish that they were not crimes at all . . . .").

2.     28 U.S.C. § 2513(b)

The third and final prerequisite to establish jurisdiction for an unjust conviction claim is a certificate of innocence.  *Brown*, 2022 U.S. Claims LEXIS 1527, at *6–7.  Section 2513(b) requires "[p]roof of the requisite facts . . . by a certificate of the court or pardon wherein such facts are alleged to appear," which is known as a certificate of innocence.  *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002), *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003).  A certificate of innocence is a "jurisdictional prerequisite" for bringing an unjust conviction claim.  *Grayson*, 141 Ct. Cl. at 869; *see also Brown*, 2022 U.S. Claims LEXIS 1527, at *6–7; *Brewer v. United States*, No. 21-1872, 2023 U.S. App. LEXIS 4615, at *4 (Fed. Cir. Feb. 27, 2023); *Ash v. United States*, 170 Fed. Cl. 761, 771 (2024).

Further, a certificate of innocence requires more than just a court order vacating or reversing a conviction.  To qualify as a certificate of innocence, "an order must provide, either explicitly or by factual recitation, that a plaintiff has met the requirements of section 2513." *Humphrey*, 52 Fed. Cl. at 597 (finding that a court order which merely vacated a conviction without meeting § 2513's requirements is insufficient); *Abu-Shawish v. United States*, 120 Fed. Cl. 812, 813 (2015) (same); *Wood*, 91 Fed. Cl. 569 572, 578–79 (2009) (same); *Burgess v. United States*, 20 Cl. Ct. 701, 704 (providing legislative history behind the unjust conviction statutes).  Thus, to be a valid certificate of innocence, an order must indicate that the plaintiff

5

"did not commit any of the acts charged or that [the] acts constituted no offense," or it must "absolve [the plaintiff] from bringing about [their] own prosecution by misconduct or neglect." *Humphrey*, 52 Fed. Cl. at 597.

As an example of language satisfying the elements of § 2513, *Roberson v. United States* quotes from a valid certificate of innocence issued by a district court judge:

> NOW THEREFORE, pursuant to said Section 2513 of Title 28, I hereby certify that the relator *was not guilty of the offenses of which he was convicted*, and for which he served confinement for eight months, and that said conviction was set aside by this Court and held to be void, and *that the acts, deeds or omissions of the relator in connection with such charge constituted no offense* against the United States, or any State, Territory or the District of Columbia, and that *the relator did not by his misconduct or negligence cause or bring about his own prosecution*.

124 F. Supp. 857, 859 (Ct. Cl. 1954) (emphasis added) (describing certificate of innocence).

No similar language or facts are present in Mr. William's underlying case. The short order from the district court vacating Plaintiff's conviction does not meet § 2513's requirements, such as a statement that Plaintiff did not commit the acts charged or that he did not bring about his own prosecution by misconduct and neglect. Compl. at 15. *C.f. Humphrey*, 52 Fed. Cl. at 597; *Wood*, 91 Fed. Cl. at 569, 578–79. Rather, the district court only found that the conspiracy charge under which Mr. Williams was convicted did not meet the required elements of a crime of violence under the statutory meaning of the firearm charge. This is not an endorsement of innocence. *See Abu-Shawish*, 120 Fed. Cl. at 813 ("[T]he fact that Mr. Abu-Shawish's 2005 conviction was reversed does not establish his innocence, but rather demonstrates that the prosecution failed to prove the necessary elements of the offense for which he was charged."). Rather, this is a legal conclusion about one of the three felonies for which Mr. Williams was convicted. Therefore, the district court order cannot function as an actionable certificate of innocence that would give rise to damages. *See, e.g.*, *Burgess*, 20 Cl. Ct. at 704; *Humphrey*, 52 Fed. Cl. at 597.

This result comports with the legislative intent underlying §§ 1495 and 2513. "Congress intended that certificates of innocence would not be easy to obtain." *United States v. Moon*, 31 F.4th 259, 262 (4th Cir. 2022) (noting that §§ 1495 and 2513 were "not intended to open 'wide the door through which the treasury may be assailed by persons erroneously convicted'"); *see also Moore*, 230 Ct. Cl. at 820 (finding plaintiff's unjust conviction claim "severely restricted" by § 2513's requirements because the statute "is jurisdictional and therefore must be strictly construed"); *Wood*, 91 Fed. Cl. at 571–72 (same); S. Rep. No. 74-2339, at 1 (1936). Thus, because a certificate of innocence is required, and Plaintiff has not produced one—or alleged that one exists—this Court must dismiss Mr. Williams' claim for lack of jurisdiction. *Sanganza*, 164 Fed. Cl. at 196; *Brewer*, 2023 U.S. App. LEXIS 4615, at *4; *Ash*, 170 Fed. Cl. at 771.

### B.     The Court Lacks Jurisdiction Over Mr. Williams' Constitutional Claims.

Plaintiff brings Fourth and Eighth Amendment claims arising from hardships during his supervised release.  Specifically, Mr. Williams alleges that his two years of supervised release "circumscribed [his] lifestyle, as an adult, and what he could or could not do during his supervised release."  Compl. at 5.  But this Court lacks jurisdiction over Plaintiff's constitutional claims because they are not money-mandating sources of law.  *See Taylor v. United States*, 168 Fed. Cl. 696, 701 (2023).

Again, "[t]o establish Claims Court jurisdiction under the Tucker Act, a plaintiff must identify a money-mandating statute or agency regulation."  *Bell v. United States*, 20 F.4th 768, 770 (Fed. Cir. 2021).  Money-mandating sources "mandate the payment of money when violated."  *Taylor*, 168 Fed. Cl. at 702.  The Fourth and Eighth Amendments are not money-mandating sources.  *Id.* at 701; *see also Reid v. United States*, 95 Fed. Cl. 243, 248 (2010).  Thus, the Court must dismiss these claims for lack of subject matter jurisdiction.  *See Bell*, 20 F.4th at 770.

### C.     Mr. Williams Also Fails to State a Claim Under Rule 12(b)(6).

Though Plaintiff argues that § 2513's requirements are not jurisdictional, he is mistaken.  *See* Pl.'s Resp. at 5–7.  Arguably, in nonprecedential cases, the Federal Circuit and the Court of Federal Claims dismissed actions that did not meet § 2513's requirements for failure to state a claim, rather than for lack of jurisdiction.  *See, e.g.*, *Nyabwa v. United States*, 696 F. App'x 493, 494–95 (Fed. Cir. 2017) (unpublished case concluding that dismissal was better characterized as "one predicated on his failure to state a claim"); *Winters v. United States*, 140 Fed. Cl. 585, 588 (2018); *Bobka v. United States*, 133 Fed. Cl. 405, 410 (2017).

However, *Grayson v. United States*—a Court of Claims decision adopted by the Federal Circuit—concludes that failure to meet § 2513's requirements deprives this Court of jurisdiction.  *Grayson*, 141 Ct. Cl. at 869 ("When they are read together it becomes manifest that the sections confer jurisdiction on this court only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with."); *see also S. Corp. v. United States*, 690 F.2d 1368, 1370–71 (Fed. Cir. 1982) (adopting the Court of Claims' holdings as controlling precedent); *Kenyon v. United States*, 683 F. App'x 945, 948 (Fed. Cir. 2017) ("We also agree with the government that the Claims Court properly concluded that it lacked jurisdiction over [the] wrongful imprisonment claims."); *Faircloth v. United States*, No. 21-958C, 2022 U.S. Claims LEXIS 478, at *11 (Fed. Cl. Mar. 29, 2022).  Thus, Rule 12(b)(1) is the appropriate framework to dismiss Mr. Williams' claims.

Nevertheless, even if a 12(b)(1) dismissal was unwarranted, the Complaint fails to state a claim under Rule 12(b)(6).  Plaintiff argues that he is only required to plead facts satisfying § 2513(a)(1) and (2)—not § 2513(b)—to survive a 12(b)(6) challenge.  Pl.'s Resp. at 4.  To Plaintiff, § 2513(b) "deals with proof or the kind of evidence which is required to sustain the claim," and thus, the Court cannot prematurely assess whether Plaintiff provided "proof of the requisite facts . . . by a certificate of the court or pardon wherein such facts are alleged to appear."  *Id.*; § 2513(b).  Instead, Mr. Williams contends that the question of whether he satisfies § 2513(b) can only be answered after discovery is complete.  Pl.'s Resp. at 4.

The Court disagrees.  Even accepting all of Mr. Williams' allegations as true, they are insufficient to satisfy § 2513(a)(1) and (2).  *See supra* Section III(a)(1).  And even if Mr. Williams' unjust conviction claim is assessed solely under Rule 12(b)(6) rather than 12(b)(1), courts consider whether a plaintiff can state a claim for relief under § 2513(a) *and* (b) at the pleading stage.  *See Reid*, 95 Fed. Cl. at 249–50; *Winters*, 140 Fed. Cl. at 588–89; *Sykes v. United States*, 105 Fed. Cl. 231, 233–34 (2012) ("Consequently, because Mr. Sykes has failed to produce a certificate of innocence and cannot obtain one here, his claim under Section 1495 must fail.") (dismissing action under Rule 12(b)(6)); *Bobka*, 133 Fed. Cl. at 410 (same).

Mr. Williams must allege sufficient facts to satisfy § 2513(a) and (b).  He fails to do so, whether the Court considers his claims by a preponderance of evidence under Rule 12(b)(1) or by construing the Complaint's allegations in favor of Plaintiff under Rule 12(b)(6).  Therefore, no matter which procedural path this Court follows, Mr. Williams' claims must be dismissed.

## IV. Conclusion

For the reasons stated above, the Court lacks jurisdiction over Mr. Williams' claims.  However, Mr. Williams may refile a complaint with an actionable certificate of innocence or an amended court order that includes the necessary facts under § 2513.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss.  Plaintiff's Complaint is **DISMISSED without prejudice** for lack of jurisdiction to allow for possible refiling.  The Clerk of the Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge